OPINION
{¶ 1} Defendant-appellant, Robert Fugate, appeals the decision of the Butler County Court of Common Pleas sentencing him to two years in prison for escape. We affirm the common pleas court's decision.
 {¶ 2} In November 2002, appellant was indicted on one count of escape in violation of R.C. 2921.34(A)(1). The indictment stated that the offense was a third-degree felony. The indictment stemmed from appellant's apparent failure to report to his parole officer. In March 2003, appellant pled guilty to the third-degree felony escape charge. The common pleas court subsequently convicted appellant and sentenced him to two years in prison.
 {¶ 3} Appellant now appeals his sentence, assigning one error as follows:
 {¶ 4} "The Trial Court erred to the prejudice of defendant-appellant by sentencing him for a third degree felony offense where the indictment charged a first degree misdemeanor offense."
 {¶ 5} In his sole assignment of error, appellant argues that the facts alleged in the indictment only constituted a first-degree misdemeanor offense of escape. Therefore, appellant argues, the common pleas court could only sentence him for the first-degree misdemeanor offense.
 {¶ 6} We overrule appellant's sole assignment of error. The record clearly shows that appellant pled guilty to third-degree felony escape. Nothing in the record indicates that appellant's guilty plea was not knowingly, intelligently, and voluntarily given. Additionally, nothing in the record indicates that appellant raised the alleged defect in the indictment prior to entering his guilty plea. Therefore, appellant waived any error with respect to the indictment by pleading guilty to the third-degree felony offense alleged in the indictment. See State v.Hedgecock (May 11, 1998), Fayette App. No. CA97-08-022; State v. Lopez,
Greene App. No. 99-CA-120, 2003-Ohio-3974, ¶ 14; State v. Rogers
(Mar. 23, 1994), Adams App. No. 548. Accordingly, the common pleas court did not err in sentencing appellant for the third-degree felony offense to which he pled guilty.
 {¶ 7} Judgment affirmed.
Valen, P.J., and Young, J., concur.